||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTOIL BUNKERING SERVICE LTD., | Case No. 2:13-cv-01291-FMO-RZ |
| Plaintiff, | **IN ADMIRALTY** |
| vs. | **RESTRICTED APPEARANCE PURSUANT TO RULE E(8)** |
| CHAMPION SHIPPING AS | **[PROPOSED] ORDER VACATING MARITIME ATTACHMENT AND RELATED ORDERS AND RELEASING VESSEL ~~AND FOR PLAINTIFF ACTOIL BUNKERING SERVICE LTD. TO PROVIDE COUNTER-SECURITY~~** |
| Defendant. | |
| and | |
| The Master of the Vessel M/T CHAMPION EXPRESS | |
| Garnishee, | |

///

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

///

# ORDER VACATING MARITIME ATTACHMENT AND RELATED ORDERS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On February 21, 2013, Plaintiff ACTOIL BUNKERING SERVICE LTD. filed the Verified Complaint for Attachment Pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims for Breach of Contract Unjust Enrichment, for damages amounting to US$369,000, inclusive of interest, costs and reasonable attorney's fees, and submitted an *Ex Parte* Application for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, under seal. Concurrently, the Plaintiff requested an Order of Substitute of Custodian and Movement of Vessel ("Custodian Order"), and an Order to U.S. Marshal re: Process ("Marshal Order").

On February 21, 2013, the Court issued such Order of Maritime Attachment and related Orders. Additionally on February 21, 2013, the Plaintiff obtained a Notice of Attachment advising the Captain of the Vessel that the Vessel was subject to attachment. Thereafter the vessel was shifted to anchor and the Custodian assumed possession of the vessel.

On February 26, 2013, Champion and Plaintiff stipulated and the Court thereafter ordered that the attachment of the Vessel would be suspended to permit previously scheduled Cargo Operations ("Suspension Order"). The vessel was released temporarily by the U.S. Marshall and is subject to re-arrest upon completion of the cargo operations.

On March 1, 2013, Champion filed an Application and Notice of Motion and a supporting Memorandum of Points and Authorities to Hear

promptly, Defendant's Application for a Prompt Rule E(4)(f) Hearing, Motion to Vacate Maritime Attachment and Related Orders, and for Plaintiff ACTOIL BUNKERING SERVICE LTD. to Provide Counter-security.

The Court, after full consideration of the papers submitted by Champion, the Plaintiff's opposition papers and all documents on file with the Court, and having held a hearing pursuant to Supplemental Rule E(4)(f), ~~the Court~~ granted Champion's Motion to Vacate Attachment and Related Orders, ~~and for Plaintiff to Provide Counter-Security~~, finding that Plaintiff had failed to establish a *prima facie* admiralty claim against Champion.

NOW THEREFORE:

IT IS HEREBY ORDERED that the Process of Maritime Attachment and Garnishment issued by this Court on February 21, 2013 against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to the vessel M/T *CHAMPION EXPRESS*, HER ENGINES, BOILER, TACKLE, APPURTENANCES, FURNITURE, GEAR, ETC. as well as any electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendant, whether to or from the garnishee banks or any other electronic fund transfers, in an amount of up to US$369,000 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and all the related orders, including the Custodian Order, the Marshal Order, the Notice of Attachment, and the Suspension Order are hereby VACATED.

IT IS FURTHER ORDERED that the vessel M/T *CHAMPION EXPRESS*, HER ENGINES, BOILER, TACKLE, APPURTENANCES,

FURNITURE, GEAR, ETC. as well as any and all funds that have been attached be immediately RELEASED.

///

~~IT IS FURTHER ORDERED that Champion suffers from insecurity, as Plaintiff is a company that operates and does business in New Zealand and London, and as such, the Defendants have no means to obtain a remedy for any losses for wrongful attachment. Accordingly, Plaintiff shall post counter-security pursuant to Supplemental Rule E(2)(b) of US$200,000.00.~~

DATED:  March 06, 2013

_____
U.S. MAGISTRATE JUDGE RALPH ZAREFSKY

Submitted By:

_____
WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
ELIZABETH P. BEAZLEY, CASB No. 138198
elizabeth.beazley@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
MICHAEL T. WEST, CASB No. 266296
michael.west@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:   (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Specially Appearing Defendant
CHAMPION SHIPPING AS